NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADLEY DEON HOOVER, | No.   18-15684 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-00082-JKS |
| v. | |
| ROSEMARY NDOH, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, Jr., District Judge, Presiding

Argued and Submitted October 4, 2019
San Francisco, California

Before:  PAEZ and COLLINS, Circuit Judges, and CHOE-GROVES,** Judge.

Bradley Hoover appeals the district court's denial of his petition for a writ of

habeas corpus under 28 U.S.C. § 2254.  Reviewing de novo, *Sanders v. Cullen*,

873 F.3d 778, 793 (9th Cir. 2017), we affirm.

Following a jury trial in 2011, Hoover was convicted of kidnapping and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jennifer Choe-Groves, Judge for the United States
Court of International Trade, sitting by designation.

murdering Michael Agustin.  The crimes took place in 1994, almost seventeen years before he was brought to trial.  Hoover was sentenced to life without the possibility of parole.  On direct appeal, he argued that the delay in his trial violated his federal due process right to a fair trial.  Finding no prejudice, the California Court of Appeal affirmed, and the California Supreme Court denied review.

Hoover then filed a petition for habeas corpus in state court, asserting that the lengthy delay in his trial resulted in a constructive denial of effective assistance of counsel.  The state trial court denied the petition.  The court held that, because Hoover's claim was based on the record on his appeal of his conviction, this claim could and should have been raised on direct appeal.  The court further held that, to the extent that the letter from Hoover's trial counsel submitted with the petition constituted additional evidence, it provided no new arguments, and that Hoover's claim failed on the merits.  Hoover renewed his habeas corpus petition in the California Court of Appeal and in the California Supreme Court, but both courts denied relief.

Hoover then commenced this federal habeas proceeding.  He again challenged his conviction on the ground that the delay in his trial violated his due process rights under *United States v. Lovasco*, 431 U.S. 783 (1977).  He also renewed his claim that the delay resulted in a constructive denial of effective assistance of counsel.  The district court denied the petition, and Hoover timely

2

appealed.

On appeal, Hoover argues that the extraordinary delay in bringing him to trial violated his due process rights under *Lovasco*. He further argues that as a result of the delay he was constructively denied his Sixth Amendment right to the effective assistance of counsel. Although our review is de novo, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996. A federal court may only grant habeas relief when the last reasoned state court decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)–(2); *Williams v. Taylor*, 529 U.S. 362, 407–09 (2000); *DeWeaver v. Runnels*, 556 F.3d 995, 997 (9th Cir. 2009).

The basis for Hoover's due process argument is the delay of almost seventeen years between the 1994 murder and the 2011 trial. About three months after the crimes, Hoover and his then-girlfriend, now-wife, Andrea Carvalho, were charged by complaint with the murder and kidnapping of Agustin. At the conclusion of Carvalho's preliminary hearing,[1] however, the court dismissed the charges against her for insufficient evidence. Hoover was not then arraigned. Nor

---

[1] California law entitles persons accused by complaint of committing a felony to a preliminary hearing to determine whether sufficient cause exists to hold them to answer at trial. Cal. Penal Code § 872.

did the prosecution seek a preliminary hearing against him.[2]  Instead, it filed a detainer against him in 1995 with the state prison system, notifying him of the murder and kidnapping charges and of his right to demand a trial.  The case languished for over sixteen years until Hoover demanded a trial in January 2011.  Shortly thereafter, Hoover was tried and convicted.

*Trial Delay*.

The contours of the Fifth Amendment's guarantee against delay in bringing a defendant to trial are laid out in *Lovasco*, 431 U.S. at 788–96.  Under *Lovasco*, proof of prejudice is a "necessary but not sufficient element of a due process claim."  *Id.* at 790.  Once that is established, the court "must consider the reasons for the delay as well as the prejudice to the accused."  *Id.*  A court need not address the prosecution's reasons for the delay unless the defendant first establishes actual prejudice.  *United States v. DeGeorge*, 380 F.3d 1203, 1212 (9th Cir. 2004).

Hoover argues that the almost seventeen-year delay prejudiced him because he no longer had access to the transcript of Carvalho's preliminary hearing where the charges against her were dismissed; he was unable to corroborate his alibi that he was eating dinner at the home of Carvalho's parents because they had since died; and his ability to challenge the state's evidence and to pursue leads

---

[2] Hoover was incarcerated for an unrelated charge arising out of a neighboring county.

4

concerning alternative perpetrators was impaired by the loss of potentially exculpatory evidence including the police dispatch logs, Agustin's telephone records, and the testimony of possible witnesses who could not be located.

In finding that Hoover did not establish actual prejudice, the California Court of Appeal applied the correct legal standard under *Lovasco*. The court concluded that Hoover failed to show how the missing police dispatch logs could have been used to exculpate Hoover or impeach the officers' testimony concerning their actions. The court further reasoned that Hoover failed to show how the missing preliminary hearing transcript would have contained impeachment evidence that would have been useful to him at trial. The court further reasoned that Hoover had not shown that Carvalho's parents would have testified the way he asserted they would. Lastly, the court held that no other evidence in the record supported a finding of prejudice and that Hoover's claim that he was unable to pursue additional lines of investigation was speculative.

Although the delay in this case is extraordinary, we are unable to conclude, under the deferential standard of review we must apply under section 2254, that either the court's application of clearly established federal law or its factual determinations were unreasonable.

*Ineffective Assistance of Counsel.*

Hoover also argues that the delay in his trial caused him constructive denial

5

of the effective assistance of counsel under *United States v. Cronic*, 466 U.S. 648 (1984). *Cronic* identified three scenarios that are so prejudicial that a court need not inquire into actual prejudice: (1) when there is complete denial of counsel during a "critical stage"; (2) when counsel fails to subject the prosecution's case to "meaningful adversarial testing"; and (3) when counsel must render assistance under circumstances where "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." *Id.* at 659–60; *Bell v. Cone*, 535 U.S. 685, 695–96 (2002).

Hoover argues that the first and third scenarios apply here. Although the State contends that Hoover failed to exhaust any claim that the first scenario applies here, the State itself argued below that Hoover's claim in part rested on a meritless contention that he had a "right to counsel pre-indictment," and the district court addressed that claim on the merits when it held that a "period of investigative delay" is not a "'critical stage' of trial for which counsel is constitutionally required." We agree with the district court's conclusion that, in the absence of Supreme Court authority extending the right to counsel to pre-indictment investigation, the state court's rejection of Hoover's claim cannot be set aside under the standards of 28 U.S.C. § 2254(d). Hoover's second argument—that no lawyer could have effectively represented him under the circumstances—also fails

because the United States Supreme Court has not held that a lengthy trial delay creates circumstances in which no defendant could be effectively represented, and the state court did not act unreasonably in concluding that Hoover's claim was unsubstantiated.

**AFFIRMED.**